IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **VAUGHN DAMON WILSON,** *et ux.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 10-2036-CV-RED |
| ) | |
| **MIKE MEDLOCK,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Pending before the Court is a Motion to Dismiss; or in the Alternative for a More Definite Statement and Brief in Support by Defendants State of Arkansas Department of Finance and Administration (the "DFA") and M.L. Hollingshead (Doc. 4). After careful consideration, the Court **GRANTS** the Motion (Doc. 4) and **DISMISSES** the DFA and Hollingshead.

## BACKGROUND

The claims against the DFA and Hollingshead are based on the DFA's letters to Plaintiff Thomas Monroe demanding payment of taxes. Monroe attempted to rebut the letters, refused to pay, and instructed the DFA to cease and desist. Monroe's prayer for relief asks the Court to "declare that the State of Arkansas cannot tax human beings in obligations such as Federal Reserve notes."

## ANALYSIS

Dismissing the DFA and Hollingshead is proper because this Court lacks jurisdiction to consider the claims against them. The Tax Injunction Act, 28 U.S.C. § 1341, provides, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." This Court lacks jurisdiction under the Tax Injunction Act because the Arkansas Tax Procedure Act, Ark. Code

Ann. §§ 26-18-101 to 26-18-1006, provides a plain, speedy, and efficient remedy for challenging tax assessments. *See Missouri Pac. R.R. Co. v. Tax Div. of the Arkansas Pub. Serv. Comm'n*, 504 F. Supp. 907, 911 (E.D. Ark. 1980) (opining the plaintiffs, who sought to adjudicate tax claims, would receive a fair and speedy trial in state court); *Burris v. City of Little Rock*, 941 F.2d 717, 720-21 (8th Cir. 1991).

## CONCLUSION

The Court hereby **DISMISSES** the DFA and Hollingshead as parties because this Court lacks jurisdiction to consider the claims asserted against them under 28 U.S.C. § 1341.

**IT IS SO ORDERED.**

DATED:  May 25, 2010                    */s/ Richard E. Dorr*
                                        RICHARD E. DORR, JUDGE
                                        UNITED STATES DISTRICT COURT