**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

| | |
|---|---|
| **VAUGHN DAMON WILSON,** *et ux.*, )<br>)<br>**Plaintiffs,** )<br>)<br>vs. )<br>)<br>**MIKE MEDLOCK,** *et al.*, )<br>)<br>**Defendants.** ) | Case No. 10-2036-CV-RED |

## ORDER

Pending before the Court are a Motion to Dismiss by Defendants the State of Arkansas, Mike Medlock, and Gary Cottrell (Doc. 20) and a Motion to Dismiss by Defendants Robert T. Dawson and James R. Marschewski (Doc. 27). After careful consideration, the Court **GRANTS** the Motions (Docs. 20, 27). All claims Plaintiffs Vaughn Damon Wilson, Thomas Harry Monroe, and Tyler Clay Jackson asserted against Defendants the State of Arkansas, Mike Medlock, Gary Cottrell, Robert T. Dawson and James R. Marschewski are hereby **DISMISSED**.

**Sovereign Immunity Bars Plaintiffs' Claims Against the State of Arkansas**

Four of the eight claims in Plaintiffs' Complaint pertain to the State of Arkansas. Count Three alleges the State of Arkansas violated 18 U.S.C. §§ 13, 241, 242, 1001, 1201, 1652, 1654, 1660, 1661, and 42 U.S.C. § 408 by arresting and holding Jackson captive for a $15,000 "ransom," i.e. bail. Count Four alleges the State of Arkansas violated 18 U.S.C. §§ 13, 241, 242, 1001, 1201, 1652, 1654, 1660, 1661, and 42 U.S.C. § 408 by not allowing Jackson to revoke his guilty plea. Count Five alleges the State of Arkansas violated 18 U.S.C. §§ 241, 242, and 15 U.S.C. § 2 by not allowing Wilson to act as counsel for Jackson, although Wilson admitted he was not licensed to practice law. Count Six alleges the State of Arkansas violated 18 U.S.C. §§ 241, 242, and 15 U.S.C.

§ 2 by excluding Wilson from entering the well of the courtroom.

Under the doctrine of sovereign immunity, a state may not be sued in federal court unless the state consents or the suit is brought under a federal statute that was intended to abrogate sovereign immunity. *Klinger v. Director, Dept. of Revenue, State of Mo.*, 455 F.3d 888, 893 (8th Cir. 2006). Sovereign immunity applies in this case. Plaintiffs sued the State of Arkansas in federal court. The State of Arkansas did not consent to suit and none of the statutes under which Plaintiffs bring their claims abrogate sovereign immunity, considering each is a federal criminal statute that does not create a private cause of action.

### Absolute Judicial Immunity Bars Plaintiffs' Claims Against Judges Mike Medlock, Gary Cottrell, Robert Dawson, and James Marschewski

Plaintiffs mount several claims against the judicial defendants. Count One asserts that Marschewski "filed a fraudulent document with the court for the purpose of denying rights," and thereby committed perjury and made a fraudulent and false statement in violation of 18 U.S.C. §§ 242, 1001, and 1621. Count Two asks for $750,000 in damages and alleges Dawson violated 18 U.S.C. §§ 242, 1001, and 1621 by dismissing a case for the reason that it was filed in forma pauperis. Count Four alleges Medlock violated 18 U.S.C. §§ 13, 241, 242, 1001, 1201, 1652, 1654, 1660, 1661, and 42 U.S.C. § 408 by not allowing Jackson to revoke his guilty plea. Count Five alleges Cottrell violated 18 U.S.C. §§ 241, 242, and 15 U.S.C. § 2 by not allowing Wilson to act as counsel for Jackson, although Wilson admitted he was not a licensed attorney. Count Six alleges Cottrell violated 18 U.S.C. §§ 241, 242, and 15 U.S.C. § 2 by excluding Wilson from entering the well of the courtroom. Count Seven is based on 18 U.S.C. §§ 241, 242, and 15 U.S.C. § 2 and alleges Medlock told Jackson that only a licensed attorney could represent him in a court of law. Count Eight is based on a separate incident where Medlock would not allow Wilson to stay in the

well of the courtroom.

A judge is entitled to judicial immunity for acts taken in the judge's judicial capacity, unless the judge acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). This is true even if the judge acts maliciously and corruptly. *Id*. at 11. Each of the alleged actions detailed above were actions taken in the judge's judicial capacity. Counts One and Two pertain to written orders of courts, and Counts Four, Five, Six, Seven, and Eight pertain to oral orders of judges while on the bench. Nothing about this alleged conduct shows any judicial defendant acted in the complete absence of jurisdiction. Therefore, absolute judicial immunity bars Plaintiffs' claims against Medlock, Cottrell, Dawson, and Marschewski.

In sum, Plaintiffs' claims against the State of Arkansas and the judicial defendants fail because sovereign immunity and absolute judicial immunity apply.

**IT IS SO ORDERED.**

DATED:  September 9, 2010            */s/ Richard E. Dorr*
                                     RICHARD E. DORR, JUDGE
                                     UNITED STATES DISTRICT COURT